UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CR-71(01)RM |
| ) | |
| MARK A. REINHARDT ) | |

OPINION and ORDER

On August 17, Mark Reinhardt filed several pre-trial motions requesting the court to order the government to produce and/or preserve certain evidence, to order the government to produce grand jury transcripts, and to dismiss the indictment based on a ruling that 18 U.S.C. § 2252A(a)(5)(B) is unconstitutional. For the following reason, the court grants Mr. Reinhardt's motions to produce and/or preserve certain evidence and denies the remaining two motions.

Because the government does not object to Mr. Reinhardt's motion to produce and/or preserve evidence in compliance with Brady v. Maryland, 373 U.S. 83, 87 (1963), the defendant's motion is granted.

Mr. Reinhardt also asks the court to order the production of certain grand jury transcripts. To the extent he seeks "any relevant recorded testimony of the defendant before a grand jury," the June 30 discovery order provides for that disclosure, so the court deems that request to be directed to the government, not the court, pursuant to United States v. Agurs, 427 U.S. 97 (1976). To the extent Mr. Reinhardt seeks other grand jury testimony, the Jencks Act prohibits the court from compelling the production of statements before government witnesses

testify, *see* United States v. Harris, 542 F.2d 1283, 1291 (7th Cir. 1976), and should this material consist also of Brady material, the government satisfies its Brady obligations by timing its disclosure with the Jencks Act. Mr. Reinhardt's request for grand jury transcripts is denied.

Finally, the court notes that it notified Mr. Reinhardt on August 19 that his motion to dismiss was insufficient as it provided unclear legal bases for the relief sought. Nearly a month has passed since that notification, and the court now finds the motion ripe for ruling. This circuit has tacitly acknowledged the constitutionality of 18 U.S.C. § 2252A in United States v. Kelly, 314 F.3d 908, 912-13 (7th Cir. 2003) ("Because regulation of real child pornography remains constitutional under [New York v. Ferber, 458 U.S. 747(1982)] and Mr. Kelly possessed real child pornography, we affirm the judgment of the district court.) Because Mr. Reinhardt has not provided contravening law upon which the court should declare otherwise, the court denies his motion.

For the reasons set forth above, the court GRANTS the defendant's motion to produce and/or preserve evidence [Doc. No. 18], DENIES the defendant's motion to produce grand jury transcripts [Doc. No. 20], and DENIES the defendants motion to dismiss due to the unconstitutional vagueness of criminal statute. [Doc. No. 19]. The court notes the defendant's motion for appointment of expert will be addressed under separate order.

SO ORDERED.

ENTERED:   September 15, 2005

          <u>/s/ Robert L. Miller, Jr.</u>
          Chief Judge
          United States District Court

cc: D. Burger
   T. Maciejczyk